UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SEAN PHILLIP CHAMP and INMATES
OF HENDRY COUNTY JAIL,

      Plaintiffs,

v.                                  Case No.: 2:19-cv-264-FtM-38MRM

HENDRY COUNTY BOARD OF
COUNTY COMMISSIONERS,
FLORIDA, EMMA BYRD, DARRELL
HARRIS, MITCHELL WILLS,
MICHAEL SWINDLE and CARSON
TURNER,

      Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Sean Phillip Champ's Emergency Complaint for Violation of Civil Rights (Doc. 1) filed on April 23, 2019. No answer or motion to dismiss has been filed. For the following reasons, the Court dismisses the Emergency Complaint with prejudice.

## BACKGROUND

Champ files his Emergency Complaint against the Hendry County Board of Commissioners alleging that they violated his Eighth Amendment right against cruel and

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

unusual punishment. Champ alleges that the Hendry County Jail's AC/ ventilation system is broken, and the Defendants did not budget the funds to make the repairs. Plaintiff avers the poor condition of the Hendry County Jail is putting his life and the lives of the other inmates in danger because of the mold and respiratory issues caused by the heat and humidity without ventilation.

## **STANDARD OF REVIEW**

The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal-
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. *Id.* at 327. In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, the Court must read

the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

## **DISCUSSION**

Champ alleges the Defendants violated his constitutional rights because they severely underfunded the Hendry County Sheriff Department's Office of Corrections. Champ alleges the underfunding has caused the Hendry County Jail to become so hazardous that it has become a health crisis for the inmates. Champ specifically notes that the A/C ventilation system is broken, and no funds were budgeted to cover the repairs.

County Commissioners can be entitled to legislative immunity when acting in their legislative capacities. *Woods v. Gamel*, 132 F. 3d 1417, 1419 (11th Cir. 1998). Legislative immunity was established in the Speech and Debate Clause of the United States Constitution. U.S. Const. art. I, § 6, cl. 1. The clause protects not only the speech and debate of legislators, but also voting on legislative acts. *Woods,* 132 F. 3d at 1419 (*citing Kilbourn v. Thompson,* 103 U.S. 168, 204 (1880)). This absolute legislative immunity has been extended by the Supreme Court, beyond federal legislators, to state and regional legislators. *Woods,* 132 F. 3d at 1419 (*citing Supreme Court of Virginia v. Consumers Union,* 446 U.S. 719, 732 (1980)). And, absolute legislative immunity has been extended further to include local legislators. *See Hernandez v. City of Lafayette,* 643 F.2d 1188, 1193 (5th Cir.1981). Thus, county commissioners can be entitled to legislative immunity when acting in their legislative capacities.

Legislators have absolute immunity under section 1983 when they are "acting within their legislative roles," performing "legislative acts." *Woods,* 132 F. 3d at 1419

3

(quoting *Tower v. Glover,* 467 U.S. 914, 920 (1984)). But, the immunity "extends only to actions taken within the sphere of legitimate legislative activity." *Id.* (quoting *Finch v. City of Vernon,* 877 F.2d 1497, 1505 (11th Cir.1989)). It is the nature of the act, and not the position of the actor, which determines when absolute legislative immunity will apply. *Woods,* 132 F. 3d at 1419. Whether the Defendants may have such immunity depends upon whether when making budgetary decisions—including budgeting for the county jail—they were acting in their legislative capacity: was approving the budget a "legislative act?" *Id.*

The Eleventh Circuit has held that budgetary decisions made by county commissioners for funding the county—including the jail—are legislative acts protected by legislative immunity. *Id.* at 420. *See also Alexander v. Holden,* 66 F.3d 62, 65 (4th Cir.1995) (budget decisions are generally made in a legislative capacity); *Rateree v. Rocket*, 852 F.2d 946, 950 (7th Cir. 1988) (The budgetary process is a "uniquely legislative function."); *Carlos v. Santos,* 123 F.3d 61, 65 (2d Cir.1997) (local legislators absolutely immune from personal liability under 42 U.S.C. § 1983 for making budgetary allocations). Taking the allegations of the Emergency Complaint as true and construing them in the light most favorable to Champ, Defendants are protected by legislative immunity because the claims against them are based upon the legislative act of budgetary funding.

Further, the Court concludes that a more carefully drafted complaint could not state a claim. Generally, a pro se plaintiff, "*must* be given at least one chance to amend the complaint before the district court dismisses the action with prejudice" where a more carefully drafted complaint might state a claim. *Bank v. Pitt,* 928 F.2d 1108, 1112 (11th

Cir.1991) (emphasis added) *overruled in part by* Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc). However, there are two circumstances in which the district court need not grant leave to amend under *Bank*: (1) where the plaintiff has indicated that he does not wish to amend his complaint; and (2) where a more carefully drafted complaint could not state a claim and is, therefore, futile. Johnson v. Boyd, 568 F. App'x 719, 723 (11th Cir. 2014) (*citing Bank,* 928 F.2d at 1112). On the first exception, filing a written motion that sets forth the substance of a proposed amendment is the proper method to request leave to amend the complaint. Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999). On the second exception, where futility is close, we err on the side of generosity to the plaintiff. O'Halloran v. First Union Nat'l Bank of Fla., 350 F.3d 1197, 1206 (11th Cir. 2003).

Because Champs' claim is barred by legislative immunity, filing an amended complaint would be futile. Therefore, Champ will not be allowed the opportunity to amend.

Accordingly, it is now **ORDERED:**

1. Sean Phillip Champ's Emergency Complaint for Violation of Civil Rights (Doc. 1) is **DISMISSED with prejudice.**
2. The Clerk of Court shall enter judgment accordingly, terminate any pending motions, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 25th day of April 25, 2019.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-2
Copies: All Parties of Record